# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIEL STITT, DARYL HARRIS, FLOYD LITTLE, DANIEL MORRISON, JEROME PALMER, PAUL PETERSON, HANS REID, and BENTLEY SIMPSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN DISPOSAL SERVICES OF GEORGIA, INC., <br><br> Defendant. | Civil Action File No. <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Gabriel Stitt, Daryl Harris, Floyd Little, Daniel Morrison, Jerome Palmer, Paul Peterson, Hans Reid, and Bentley Simpson (hereinafter "Plaintiffs") in the above-styled matter and file this Collective Action Complaint against Defendant American Disposal Services of Georgia, Inc. (hereinafter "American Disposal" or "Defendant") and respectfully show the Court as follows:

# INTRODUCTION

1.

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, as amended, for American Disposal's failure to pay regular wages and overtime wages to Plaintiffs and similarly situated employees for hours worked over forty (40) hours per work week.

2.

Plaintiff Stitt further brings a claim of retaliation in violation of the FLSA after American Disposal terminated his employment for questioning and objecting to Defendant's illegal pay practices described herein.

# PARTIES, JURISDICTION, AND VENUE

3.

Plaintiff Gabriel Stitt is a resident of Georgia and submits himself to the jurisdiction of this Court.

4.

Plaintiff Daryl Harris is a resident of Georgia and submits himself to the jurisdiction of this Court.

5.

Plaintiff Floyd Little is a resident of Georgia and submits himself to the jurisdiction of this Court.

6.

Plaintiff Daniel Morrison is a resident of Georgia and submits himself to the jurisdiction of this Court.

7.

Plaintiff Jerome Palmer is a resident of Georgia and submits himself to the jurisdiction of this Court.

8.

Plaintiff Paul Peterson is a resident of Georgia and submits himself to the jurisdiction of this Court.

9.

Plaintiff Hans Reid is a resident of Georgia and submits himself to the jurisdiction of this Court.

10.

Plaintiff Bentley Simpson is a resident of Georgia and submits himself to the jurisdiction of this Court.

11.

American Disposal is a domestic corporation registered and licensed to do business in the State of Georgia. American Disposal may be served through its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

12.

This court has jurisdiction over this matter under 28 U.S.C. § 1331.  Federal question jurisdiction arises pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as amended.

13.

This Court has personal jurisdiction over the Defendant because it transacts business in the Northern District of Georgia.

14.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is subject to personal jurisdiction in the Northern District of Georgia.

## STATEMENT OF FACTS

*Overview of American Disposal's Business Operations*

15.

American Disposal is a privately held company that provides commercial and residential waste disposal services to customers in Georgia.

16.

Plaintiffs were each employed as Drivers for American Disposal.

17.

Plaintiffs' job duties consisted of driving waste disposal trucks to customer locations, picking up customers' garbage and waste or containers holding customers' garbage and waste, and dumping the garbage and waste at specified locations.

*Defendant is an Employer Under the FLSA*

18.

During the time that Plaintiffs were employed by American Disposal, American Disposal was an "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 203(s) and 207(a)(1).

19.

During the time that Plaintiffs were employed by American Disposal, American Disposal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During the time that Plaintiffs were employed by American Disposal, American Disposal had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During the time that Plaintiffs were employed by American Disposal, American Disposal's annual dollar volume of sales of business transactions exceeded $500,000.00 per year.

22.

At all times that Plaintiffs were employed by American Disposal, Defendant was Plaintiffs' employer for the purposes of the FLSA.

23.

At all times relevant to this suit and while employed by American Disposal, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

*Plaintiffs' Wages and Hours*

24.

American Disposal ostensibly paid Plaintiffs using a "day rate" that varied from Plaintiff to Plaintiff.

25.

American Disposal paid the Plaintiffs their respective day rates regardless of the number of hours that Plaintiffs worked on a given day.

26.

In reality, American Disposal was using the alleged day rate payment scheme to approximate weekly salaries that varied for each non-exempt Plaintiff. For example, Plaintiffs were advised their weekly salary rates were as follows: Plaintiff Stitt $1,100; Plaintiff Harris $1,150; Plaintiff Little $955; Plaintiff Morrison $1,150; Plaintiff Palmer $740; Plaintiff Benton $1,250; Plaintiff Peterson $1,050; Plaintiff Reid $1,050; and Plaintiff Simpson $700.

27.

The weekly salary rate that American Disposal paid Plaintiffs purportedly was intended by American Disposal to include compensation for fifteen (15) hours of overtime that were "built in" to the weekly pay.

28.

In paying Plaintiffs this weekly salary rate that supposedly included the fifteen (15) hours of overtime, American Disposal failed to calculate the overtime rates for Plaintiffs using their legally mandated regular rates of pay in violation of the FLSA.

29.

Plaintiffs and similarly situated employees never worked less than forty (40) hours per week, unless they took a day off or had a holiday.

30.

Plaintiffs' and similarly situated employees' weekly hours always ranged between forty-three (43) hours to in excess of sixty-five (65) hours per week.

31.

Plaintiffs' and similarly situated employees weekly pay was usually the same whether they worked forty-three (43) hours or fifty-five (55) hours.

32.

American Disposal occasionally provided Plaintiffs with additional pay for hours worked over fifty-five (55) hours per work week, but the additional pay was not based on the properly determined regular rates of pay and overtime rates for Plaintiffs in violation of the FLSA.

33.

Though American Disposal allegedly included fifteen (15) "built in" hours of overtime in each weekly check, American Disposal occasionally deducted money from Plaintiffs' and similarly situated employees' checks if they worked less than fifty-five (55) hours per week.

34.

American Disposal also paid a $100.00 weekly bonus to Plaintiffs and similarly situated employees if they worked five (5) days in a work week.

35.

The $100.00 bonus was built into Plaintiffs' and similarly situated employees' pay and did not show as a bonus on Plaintiffs' checks.

36.

If Plaintiffs worked less than five (5) days in a given week, Plaintiffs' pay would be deducted for more than the alleged day rate and $100.00 bonus.

*FLSA Violations*

37.

The FLSA requires payment of overtime for any hours worked over forty (40) hours for non-exempt employees. 29 U.S.C. § 207.

38.

American Disposal failed to pay Plaintiffs and similarly situated employees their correct regular rates of pay and overtime rates of pay for hours worked over forty (40) hours per work week.

39.

Plaintiffs' and similarly situated employees' wages were not paid pursuant to a valid a *Belo* contract as provided by to 29 C.F.R. §§ 778.402-414.

40.

Plaintiffs' and similarly situated employees' wages were not properly paid pursuant to a fluctuating work week method of pay as allowed by to 29 C.F.R. § 778.114.

41.

Plaintiffs' and similarly situated employees' wages were not properly paid pursuant to day rate or job rate payment scheme as allowed by 29 C.F.R. § 778.112.

42.

Therefore, Plaintiffs' and similarly situated employees' effective hourly regular rates should have been calculated by dividing their weekly gross wages by forty (40) hours per work week. American Disposal did not calculate Plaintiffs' and similarly situated employees' regular rates of pay correctly.

43.

Plaintiffs' and similarly situated employees should have been paid additional one and one-half their effective hourly rates for any hours worked over forty (40) hours per week. American Disposal did not calculate Plaintiffs' and similarly situated employees' overtime rates of pay correctly.

44.

Each individual Plaintiff's and similarly situated employees' effective hourly rates and overtime rates will be determined based on their individual weekly gross wage rate.

45.

For instance, Plaintiff Stiff was paid a gross weekly rate of $1,100.00 from January 2018 until the date of his termination on May 1, 2018.  Thus, Plaintiff Stitt's effective hourly rate was $27.50, and his overtime rate should have been $41.25 for any hours over forty (40) hours per week.

46.

Plaintiff Stitt was not paid proper overtime for any hours worked over forty (40) hours per week.

47.

While each Plaintiff's and similarly situated employees' wages may differ, each Plaintiff and similarly situated employee were paid by American Disposal using the same improper and unlawful method.

48.

Plaintiffs never understood how they were being paid and how their compensation was handled by American Disposal.

49.

Plaintiffs' and similarly situated employees have been deprived of regular and overtime wages as a result of American Disposal's unlawful method of pay.

50.

The full extent of the American Disposal's violation of federal law will be revealed throughout the course of discovery in this lawsuit.

*American Disposal's Retaliation Against Plaintiff Stitt*

51.

Further, Plaintiff Stitt first objected to and complained of an error and impropriety with the calculation of his pay on or around October 22, 2017.

52.

Plaintiff Stitt later objected to and complained of errors and improprieties in the calculation of his pay on or around the following dates:  November 12, 2017, November 26, 2017, January 14, 2018, January 21, 2017, and on April 30, 2018.

53.

The last date Plaintiff Stitt objected to and complained of an error and impropriety with his paycheck was the day before he was terminated on May 1, 2018.

54.

Plaintiff Stitt was terminated in retaliation for raising errors and questions about his improper pay, which is a violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

55.

Plaintiffs submit that there are others, similarly situated to themselves, who were denied overtime wages.

56.

Upon information and belief, the FLSA Collective size during the relevant collective period exceeds one hundred (100) employees nationwide.

57.

Plaintiffs and all other similarly situated Drivers drive waste disposal trucks, pick up customers' garbage and waste, and dump the garbage and waste at specified locations.

58.

Drivers do not supervise two (2) or more full time employees and, thus, cannot meet the Executive Exemption.

59.

The primary job duties of Drivers do not involve the exercise of independent discretion and judgment in matters of significance, as they are in waste collection aspect of Defendant's business. Thus, they cannot meet the Administrative Exemption.

60.

Defendants know now, and have known for the past three (3) years, that Drivers do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

61.

Plaintiffs and all similarly situated Drivers are instructed what customers or routes to service each day.

62.

Plaintiffs and all similarly situated Drivers do not have decision making authority.

63.

Plaintiffs bring this suit on behalf of themselves and all other similarly situated and propose the following collective description(s):

All persons who perform(ed) waste collection work for Defendant as Non-Exempt hourly or salaried employees, including, but not limited to, all Drivers, Laborer, and/or other similar job title or designation, out of any office in the United States at any time within three (3) years of the filing of this Complaint or who are currently employed by Defendant(s).

## COUNT ONE – VIOLATION OF THE
## FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. § 207

64.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 63.

65.

Plaintiffs and similarly situated employees always worked in excess of forty (40) hours in a standard work week.

66.

Defendant was aware of, permitted, and required Plaintiffs' and similarly situated employees' overtime work.

67.

For every hour worked in excess of forty (40) hours, Plaintiffs and similarly situated employees were entitled to one and one-half times the regular rate at which each Plaintiff and similarly situated employee were employed, pursuant to 29 U.S.C. § 207(a)(2).

68.

Defendant American Disposal willfully failed to pay Plaintiffs and similarly situated employees at one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week during Plaintiffs employment.

69.

Defendant American Disposal is liable to Plaintiffs and similarly situated employees for the failure to pay Plaintiffs overtime pursuant to the Fair Labor Standards Act.

70.

Such failure to pay overtime wages in violation of the Fair Labor Standards Act damaged Plaintiffs and similarly situated employees in an amount to be proven at trial on this matter, and Plaintiffs and similarly situated employees are entitled to liquidated damages, attorneys' fees, and expenses in accordance with 29 U.S. Code § 216(b).

## COUNT TWO – LIQUIDATED DAMAGES/PUNITIVE DAMAGES

71.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 70.

72.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs and similarly situated employees are entitled to liquidated damages in an amount double the unpaid overtime wages to be proven at trial in accordance with the Fair Labor Standards Act.

73.

 Pursuant to O.C.G.A. § 51-12-5.1, punitive damages are appropriate in this action so as to penalize and punish Defendant for its willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Further, Plaintiffs and

similarly situated employees are entitled to an award of punitive damages to deter Defendant from any such further conduct.

## INDEPENDENT COUNT THREE OF PLAINTIFF STITT – RETALIATION IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 215 and 218c

74.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 73.

75.

Plaintiff Stitt objected to and complained of errors with his pay on numerous occasions, including on April 30, 2018, the day before his termination.

76.

Plaintiff Stitt was terminated in retaliation for raising objections and complaints about his pay and paychecks in violation of 29 U.S.C. §§ 215 and 218c.

77.

Plaintiff Stitt is entitled to back pay and reinstatement or front pay in an amount to be proven at trial, liquidated damages, attorneys' fees, and expenses in accordance with 29 U.S. Code § 216(b).

## COUNT FOUR – ATTORNEYS' FEES

78.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 77.

79.

Pursuant to 29 U.S. Code § 216(b), Plaintiffs are entitled to collection of their attorneys' fees and expenses of litigation for all claims brought herein.

**WHEREFORE**, Plaintiffs demand the following:

(a) That process issue and the Defendant be served according to law;

(b) That a judgment be entered declaring this action to be a collective action properly maintained under 29 U.S.C. § 216(b), that the Representative Plaintiffs be designated as representatives of the FLSA Class, and that their counsel of record be designated as the FLSA Class Counsel;

(c) That Representative Plaintiffs be granted a trial by jury;

(d) That Defendant be found to have willfully and intentionally violated the Fair Labor Standards Act;

(e) That judgment be entered in favor of the Representative Plaintiffs and the FLSA Class for three (3) years of Representative Plaintiffs' back-owed regular and overtime wages;

(f) That Representative Plaintiffs be awarded pre-judgment interest;

(g) That liquidated damages be awarded to Representative Plaintiffs for three (3) years of unpaid overtime in accordance with the Fair Labor Standards Act;

(h) That Plaintiff Stitt be awarded back pay and reinstatement or front pay in an amount to be determined at trial plus liquidated damages due to the retaliation he was subjected to;

(i) That Representative Plaintiffs recover their attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S. Code § 216(b),

(j) That Representative Plaintiffs recover fair and reasonable incentive payments for bringing this action;

(k) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 24th day of May, 2018.[1]

| | |
|---|---|
| | /s/ M. Travis Foust |
| **PARKS, CHESIN & WALBERT, P.C.** | **M. Travis Foust** |
| 75 Fourteenth Street, 26th Floor | Georgia Bar No. 104996 |
| Atlanta, GA 30309 | Email: tfoust@pcwlawfirm.com |
| Telephone: 404-873-8000 | **J. Daniel Cole** |
| Fax: 404-873-8050 | Georgia Bar No. 450675 |
| | Email: dcole@pcwlawfirm.com |

*Counsel for Plaintiffs*

---

[1] Pursuant to Local Rule 7.1(D), undersigned counsel certifies that this filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).