# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIEL STITT, DARYL HARRIS, FLOYD LITTLE, DANIEL MORRISON, JEROME PALMER, PAUL PETERSON, HANS REID, and BENTLEY SIMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN DISPOSAL SERVICES OF GEORGIA, INC.,<br><br>Defendant. | Civil Action File No.<br><br>1:18-cv-02516-TWT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, Plaintiffs Gabriel Stitt *et al.* ("Plaintiffs") and Defendant American Disposal Services of Georgia, Inc. ("Defendant" or "American Disposal") submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1.     Description of Case:**

   **(a)     Describe briefly the nature of this action.**

This is an action under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201

et seq., as amended, seeking regular wages and overtime wages for Plaintiffs and similarly situated employees for any hours worked over forty (40) hours per work week during the relevant statutory period.  Defendants deny liability under the FLSA to the named Plaintiffs.  Defendants further contend that this case is not appropriate for collective certification.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs were and/or are Drivers and Laborers for American Disposal during the relevant statutory period.  American Disposal provides waste and trash disposal services for commercial and residential customers.  As the name implies, Drivers drive disposal trucks to customer locations and assist in picking up containers or waste and dump the waste at trash dumps. Laborers ride on the waste disposal trucks and pick up or dump waste containers into the disposal trucks at customer locations.  Plaintiffs contend that Plaintiffs and the employees they seek to represent via a § 216(b) collective were paid a weekly salary for all hours up to fifty-five (55) hours per week and were not paid overtime for any hours worked over forty (40) hours up to fifty-five (55) hours per week during the relevant statutory period and that they received less than the proper statutory or regulatory overtime pay for any hours over fifty-five (55) hours per week.  Defendant contends that Plaintiffs were properly paid and/or overpaid under the FLSA

utilizing a day rate pay method or plan.

**(c)     The legal issues to be tried are as follows:**

1. Whether any Plaintiffs or potential collective action class members were exempt from the minimum wage and maximum hour requirements of the FLSA in accordance with 29 U.S.C. § 213(a)(1);

2. If not, whether Plaintiffs performed work for Defendant in excess of forty hours per week for which they did not receive proper compensation as required by the FLSA;

3. Whether Plaintiffs are entitled to recover overtime compensation that they allege Defendant failed to pay;

4. If Plaintiffs are entitled to such recovery, whether Defendant willfully violated the provisions of the FLSA;

5. Whether Plaintiffs may recover liquidated damages;

6. If Defendant violated the provisions of the FLSA, whether it acted in good faith and had reasonable grounds for believing that its acts or omissions were not in violation of the FLSA;

7. Whether Plaintiffs are similarly situated to one another such that they may proceed collectively pursuant to 29 U.S.C. § 216(b);

8. Whether Plaintiffs are similarly situated to any other

employee(s), such that those employees may proceed with Plaintiffs pursuant to 29 U.S.C. § 216(b); and

       9.    Whether Plaintiffs and/or the collective class members, if any, are entitled to recover their reasonable attorneys' fees incurred in connection with this matter from Defendant.

    **(d)**    **The cases listed below (include both style and action number) are:**

**(1)**    **Pending Related Cases:**

N/A

**(2)**    **Previously Adjudicated Related Cases:**

N/A

**2.**    **This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| X | (1) | **Unusually large number of parties** |
| _____ | (2) | **Unusually large number of claims or defenses** |
| _____ | (3) | **Factual issues are exceptionally complex** |
| _____ | (4) | **Greater than normal volume of evidence** |
| _____ | (5) | **Extended discovery period is needed** |
| _____ | (6) | **Problems locating or preserving evidence** |
| _____ | (7) | **Pending parallel investigations or action by government** |
| _____ | (8) | **Multiple use of experts** |
| _____ | (9) | **Need for discovery outside United States boundaries** |
| _____ | (10) | **Existence of highly technical issues and proof** |
| _____ | (11) | **Unusually complex discovery of electronically stored information** |

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

M. Travis Foust, Esq.
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, GA 30309
Phone: 404-873-8000
tfoust@pcwlawfirm.com

**Defendant:**

Charles G. Meyer, III, Esq.
Joan McKenna, Esq.
O'Hagan Meyer, PLLC
411 E. Franklin Street
Suite 500
Richmond, VA 23219
Phone: 804-403-7100
cmeyer@ohaganmeyer.com

4. **Jurisdiction:**

**Is there a question regarding this Court's jurisdiction?**

\_\_\_\_\_ Yes      \_\_X\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

N/A

5. **Parties to this Action:**

   (a) **The following persons are necessary parties who have not been joined:**

   None.  To date, nineteen (19) individuals have filed consent forms to opt-in as plaintiffs for this matter.  Named Plaintiffs will seek certification of a collective action under § 216(b) that, if granted, will allow other opt-in plaintiffs to join this lawsuit.

   (b) **The following persons are improperly joined as parties:**

   None.

   (c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

   (d) **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendment to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

   (a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Additional Plaintiffs are likely to join the lawsuit through Consent to Join as a Party Plaintiff filing with the Court.  Plaintiffs will file a motion for Conditional Certification and Circulation of Notice following the submission of the Joint Report and Discovery Plan.

    **(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.** **Filing Times for Motions:**

**All other motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

    **(a)** *Motions to Compel:* **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

    **(b)** *Summary Judgment Motions*: **within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

    **(c)** *Other Limited Motions:* **refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

    **(d)** *Motions Objecting to Expert Testimony: Daubert* **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.** **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The Parties have no objection to the service of initial disclosures and will

exchange their initial disclosures.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Parties do not request a scheduling conference at this time but anticipate that they will request one once conditional certification is sought and/or some preliminary discovery is completed.

**10.   Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

a)    The allegations raised in Plaintiffs' Complaint, including Plaintiffs' time records, pay records, and personnel files; timekeeping documents, software, and employment policies of Defendant; hard copy and electronic correspondence regarding Plaintiffs, Plaintiffs' time, and Plaintiffs' pay.

  b) Defendant's defenses;

  c) The existence of similarly situated potential members of a collective action, if any; and

  d) Plaintiffs' and the collective's damages, if any.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Given the nature of the collective claims, the parties anticipate additional time for discovery will be needed and request that this case be assigned to an eight-month discovery track. Plaintiffs have served Defendant with written discovery and, depending on the responses, may seek to have discovery for the case bifurcated.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b) Is any party seeking discovery of electronically stored information?**

 __X__ Yes    ____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have agreed that email communications, time keeping software records, payroll records, and other electronically stored information of Defendant policies and procedures may be a part of the production in this case. Such electronically store information shall be produced in their most convenient form. In the event either party seeks electronic communications, that party will provide search terms to assist in narrowing the scope of any production.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk) and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties agree to produce documents and ESI in searchable .PDF format when possible. In the event an issue arises that requires the use of metadata from electronic files (such as a dispute over the authenticity or creation date of a document or email), the parties will confer and agree upon a reasonable method of production.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders:**

**What other orders do the parties think that this Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to submit a Consent Protective Order.

**13.     Settlement Potential:**

(a)     **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on Thursday, July 12, 2018, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:        */s/ M. Travis Foust*

For Defendants:    */s/ Joan McKenna*

(b)     **All parties were promptly informed of all offers of settlement and the following discussion by all counsel, it appears that there is now:**

(**X**) A possibility of settlement before discovery.

(**X**) A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(__)   No possibility of settlement.

(c)     **Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not been scheduled.**

11

**(d) The following specific problems have created a hindrance to settlement of this case:**

None at this time. Discovery is needed for the parties to assess Plaintiffs' claims and Defendant's defenses.

**14. Trial by Magistrate Judge:**

**The parties (  X  ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this \_\_\_\_ day of July, 2018.

| | |
|---|---|
| */s/ M. Travis Foust* | */s/ Kelvin L. Newsome* |
| **M. Travis Foust** | Kelvin L. Newsome |
| Georgia Bar No. 104996 | Georgia Bar No. 954491 |
| tfoust@pcwlawfirm.com | Charles G. Meyer, III |
| **J. Daniel Cole** | (*pro hac vice admission pending*) |
| Georgia Bar No. 450675 | cmeyer@ohaganmeyer.com |
| dcole@pcwlawfirm.com | Joan C. McKenna |
| | (*pro hac vice admission pending*) |
| PARKS, CHESIN & WALBERT, P.C. | |
| 75 14th Street, 26th Floor | O'HAGAN MEYER, PLLC |
| Atlanta, GA 30309 | 411 East Franklin Street, Suite 500 |
| Telephone: 404.873.8000 | Richmond, VA 23219 |
| Facsimile: 404.873.8050 | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIEL STITT, DARYL HARRIS, FLOYD LITTLE, DANIEL MORRISON, JEROME PALMER, PAUL PETERSON, HANS REID, and BENTLEY SIMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN DISPOSAL SERVICES OF GEORGIA, INC.,<br><br>Defendant. | Civil Action File No.<br><br>1:18-cv-02516-TWT |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

13

14

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

14