IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GABRIEL STITT, et al.,

    Plaintiffs,

    v.

AMERICAN DISPOSAL SERVICES
OF GEORGIA, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:18-CV-2516-TWT

**OPINION AND ORDER**

This is an action under the Fair Labor Standards Act for unpaid overtime wages. It is before the Court on the Plaintiffs' Motion for Conditional Certification and Issuance of Notice [Doc. 43]. For the following reasons, the Plaintiffs' Motion is GRANTED.

**I. Background**

The named Plaintiffs are currently or were formerly employed as "drivers" or "laborers" by Defendant American Disposal Services of Georgia, Inc.[1] The Plaintiffs contend that the Defendant underpaid or failed to pay them and similarly situated employees for overtime hours in violation of the Fair Labor

---

[1] Pls.' Mot. for Conditional Certification and Issuance of Notice, at 6 [Doc. 43]. "Drivers" drive residential and commercial waste disposal trucks. "Laborers" ride on the backs of residential waste disposal trucks and deposit waste into the trucks. *Id.*

Standards Act.[2] Section 207 of the FLSA requires employers to pay non-exempt employees time and a half for all hours worked in excess of forty per week. According to the Plaintiffs, the Defendant pays its drivers and laborers a flat weekly salary regardless of the number of hours that they actually work.[3] Although the Plaintiffs' pay stubs reflect regular and overtime rates, the Plaintiffs allege that these rates were manipulated such that the Plaintiffs invariably received an amount close to the pre-determined flat weekly salary.[4] The Defendant denies the Plaintiffs' claims. The Plaintiffs now seek to bring a collective action on behalf of themselves and all other "[c]urrent and former employees of [the Defendant] who work or have worked as Drivers and Laborers for the three years preceding the filing of this lawsuit[.]"[5]

## II. Standard for Conditional Certification of FLSA Collective Actions

A collective action under the Fair Labor Standards Act "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]"[6] This Court has discretion to authorize the sending of notice to

---

[2] *Id.*, at 6-9.

[3] *Id.*, at 7-8.

[4] *Id.*

[5] *Id.*, at 4.

[6] 29 U.S.C. § 216(b).

potential class members in a collective action.[7] Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt in to the action instead of opting out.[8] Whether or not to certify a collective action is "soundly within the discretion of the district court."[9]

Courts typically employ a two-step process to determine whether employees are similarly situated so that a collective action is proper. The first step is the "notice" or "conditional certification" stage.[10] At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the defendant who desire to opt-in; and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions."[11]

A class plaintiff's burden is "not particularly stringent," "fairly lenient," and "not heavy," and may be met with "detailed allegations supported by

---

[7] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

[8] *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008), citing *Douglas v. GE Energy Reuter Stokes*, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007).

[9] *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

[10] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008).

[11] *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

affidavits which successfully engage defendants' affidavits to the contrary."[12] While courts have not defined "similarly situated," it is clear that a plaintiff does not need to show that his position is "identical" to the position held by any other putative class member.[13] The Court has "broad discretion at the notice stage," but is "constrained, to some extent, by the leniency of the standard for the exercise of that discretion."[14]

### III. Discussion

#### A. Conditional Certification

The Plaintiffs have made a sufficient showing to meet their burden at the conditional certification stage. Since filing this suit, the original Plaintiffs have been joined by fifteen opt-in Plaintiffs.[15] This fact alone is sufficient to demonstrate that other employees of the Defendant desire to opt in.[16] As for whether these employees are "similarly situated," the Plaintiffs have submitted declarations from a sampling of the original and opt-in Plaintiffs declaring that they work or worked in similar positions and that the Defendant used the same

---

[12] *Morgan*, 551 F.3d at 1261; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996).

[13] *Grayson*, 79 F.3d at 1096.

[14] *Morgan*, 551 F.3d at 1261.

[15] Pls.' Mot. for Conditional Certification and Issuance of Notice, at 3.

[16] *See Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *2 (N.D. Ga. Aug. 14, 2013) (finding that the plaintiffs had met their burden where just one other individual had opted into the action during the briefing of the motion for conditional certification).

or similar methods to calculate their pay.[17] The Defendant does not contest that the putative class should be conditionally certified at this stage of the litigation.[18] Thus, the Plaintiffs have provided a reasonable basis for conditional certification under the lenient standard adopted by the Eleventh Circuit. This Court will conditionally certify a class of current or former employees of the Defendant who were employed as drivers or laborers in the three years prior to mailing of notice.[19]

The class definition formulated by this Court differs from the class definition articulated by the Plaintiffs. The Plaintiffs use May 24, 2015 as the

---

[17] *See* Decl. of Gabriel Stitt [Doc. 43-4]; Decl. of Floyd Little [Doc. 43-5]; Decl. of Drew Duncan [Doc. 43-6]; Decl. of Brandon Reynolds [Doc. 43-7]; Decl. of Robyn Greer [Doc. 43-8].

[18] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 1-2 [Doc. 50].

[19] Generally, FLSA claims have a two-year statute of limitations. A three-year statute of limitations applies, however, in cases where the Defendant has willfully violated the FLSA. 29 U.S.C. § 255(a). The Plaintiffs contend that the Defendant violated the FLSA by using pay formulas designed to avoid paying overtime to its employees. Pls.' Mot. for Conditional Certification and Issuance of Notice, at 21-22. "The determination of willfulness is a mixed question of law and fact." *Hu v. Windhaven Ins. Co.*, No. 8:15-CV-0277-MSS-TGW, 2016 WL 7177618, at *4 (M.D. Fla. Feb. 16, 2016) (quoting *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1324 (11th Cir. 2007)). Courts typically do not address the statute of limitations at the conditional certification stage because doing so would require courts to reach the merits of the underlying claims. *See Hu*, 2016 WL 7177618, at *5; *Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-CIV, 2013 WL 3279803, at *10 (S.D. Fla. June 27, 2013). Although it makes no admissions regarding willfulness, the Defendant does not challenge the use of the three-year statute of limitations in defining the conditionally certified class. The Defendant is free to challenge the appropriateness of the three-year statute of limitations at the decertification stage.

cut-off date for class membership, which is the date exactly three years prior to the filing the Complaint. FLSA actions are "forever barred" unless they are commenced within two years (or three, in the case of a willful violation) after the cause of action accrued.[20] While the statute of limitations is tolled for the original named Plaintiffs at the time that the Complaint is filed, the statute of limitations is tolled for opt-in plaintiffs only after a written consent form is filed with the court.[21] The class should not include former employees of the Defendant whose employment terminated at some point after May 24, 2015 but before the date three years prior to the issuance of notice. Thus, the class definition proposed by the Plaintiffs is overinclusive. The Plaintiffs do not make a case for equitable tolling of potential plaintiffs' claims in their briefing, and it does not appear to this Court that there are any "extraordinary circumstances" that would justify equitable tolling in this case.[22]

---

[20] 29 U.S.C. § 255(a).

[21] *Id.* § 256.

[22] *Love v. Phillips Oil, Inc.*, No. 3:08CV92/MCR/MD, 2008 WL 5157677, at *1 (N.D. Fla. Dec. 9, 2008) ("Equitable tolling is a 'remedy which should be extended only sparingly.' ... Its application may be warranted, however, if 'extraordinary circumstances' exist 'that are both beyond [the plaintiff's] control and unavoidable even with diligence.'") (citations omitted).

### B. Issuance of Notice

Having determined that the class should be conditionally certified, this Court now turns to the Defendant's objections regarding the contents of the Plaintiffs' proposed notice and the manner in which it will be disseminated. The Defendant raises the following objections:

> (1) the Defendant should not be required to post notice at its facility as requested by the Plaintiffs;
>
> (2) the Plaintiffs' discovery requests for the personal information of the Defendant's employees are overbroad;
>
> (3) the private information requested by the Plaintiffs should be provided to a third party administrator, not directly to the Plaintiffs' counsel;
>
> (4) the Plaintiffs' proposed notice period of ninety days is too long;
>
> (5) the Plaintiffs' request that the Defendant be barred from any contact with putative class members for reasons related to the litigation is unreasonable; and
>
> (6) the Plaintiffs' proposed Notice and Consent to Join Form must be revised in various respects.

This Court will take up each of these objections in turn.

### 1. Posting at the Defendant's Facility

The Defendant maintains a single facility in Georgia.[23] In addition to notice by U.S. mail, the Plaintiffs request that notice be posted at the Defendant's facility. The Plaintiffs argue that courts "routinely" authorize posting notice concurrent with notice by mail.[24] The Defendant objects, pointing to a line of cases in which courts have refused to authorize posting notice absent some showing that the defendant has failed to provide adequate contact information or has otherwise failed to cooperate in the collective action process.[25] This Court is persuaded by the line of cases provided by the Defendant.[26] Therefore, this Court will deny without prejudice the Plaintiffs' request to post notice at the Defendant's facility. This Court may reconsider if the Defendant fails to provide timely and adequate contact information to the Plaintiffs after the issuance of this Order.

---

[23] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 3 n.2.

[24] Pls.' Repl. Br. in Supp. of Mot. for Conditional Certification and Issuance of Notice, at 6 [Doc. 51] (citing *Campbell v. Pincher's Beach Bar Grill Inc.*, 2016 WL 3626219, at *7 (M.D. Fla. July 7, 2016) ("[R]equests [to post notices] are routinely granted and the Court sees no reason to divert from that standard of practice in this case.")).

[25] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 3-4 (citing *Hu,* 2016 WL 7177618, at *4 (M.D. Fla. Feb. 16, 2016); *Ciani v. Talk of The Town Rests., Inc.*, No. 8:14-CV-2197-T-33AEP, 2015 WL 226013, at *6 (M.D. Fla. Jan. 16, 2015)).

[26] *See Hu*, 2016 WL 7177618, at *4 (compiling cases).

### 2. Overbroad Discovery Requests

The Plaintiffs request that the Defendant provide them with a list of the full names, job titles, last known addresses, personal e-mail addresses, telephone numbers, dates of birth, last four digits of social security number, and dates of employment for all putative class members.[27] The Defendant objects to the disclosure of anything beyond its employees' full names, job titles, last known addresses, and dates of employment.[28] The Defendant argues that its employees' privacy interests outweigh the Plaintiffs' need for this information and that the additional information is not needed to disseminate notice.[29] This Court agrees with the Defendant. The Plaintiffs propose to effectuate notice through U.S. mail. Their plan does not involve contact by e-mail or telephone, either initially or as a follow-up to the mailed notice. The Plaintiffs do not argue that mailed notice will be ineffective. Therefore, this Court will order the Defendant to disclose to the Plaintiffs only the information necessary to disseminate notice by mail: the employees' full names, job titles, last known addresses, and dates of employment. The Defendant is to provide the Plaintiffs with this list within fourteen days of the date of this Order.

---

[27] Pls.' Mot. for Conditional Certification and Issuance of Notice, at 5-6, 24.

[28] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 5-6.

[29] *Id.*

### 3. Third-Party Administrator

The Defendant objects to transmitting its employees' personal information directly to the Plaintiffs, arguing instead that the information should be given to a third-party administrator tasked with overseeing the notice process. The Defendant contends that doing so will "ensure that any notice process remains objective and avoids the potential for abuse or misleading communications."[30] Aside from these generalized assertions, the Defendant provides no concrete reasons why the Plaintiffs' counsel cannot be trusted with the information requested. The Defendant's concerns are also ameliorated by the fact that the Plaintiffs will not be receiving employees' e-mail, telephone, or social security information. Therefore, this Court will deny the Defendant's unilateral request for a third-party administrator.[31]

### 4. Proposed Notice Period

The Plaintiffs request that the notice period extend for ninety days from the date that notice is initially mailed. The Defendant argues instead for a notice period of forty-five days but no less than sixty days. The Defendant cites several cases from this district in which courts have approved forty-five or sixty

---

[30] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 6-7.

[31] In their reply brief, the Plaintiffs note that they are "not generally opposed to the use of an administrator for efficiency." Pls.' Repl. Br. in Supp. of Mot. for Conditional Certification and Issuance of Notice, at 3. If the parties confer and jointly decide that they would like to use the services of a third-party administrator, they are free to petition this Court at that time.

day notice periods.[32] The Plaintiffs do not explain why a ninety day notice period, which would seem to be on the upper bound of notice periods previously approved in this district, is necessary in this case. Accordingly, the Plaintiffs' notice should be revised to restrict the opt-in period to sixty days.

### 5. Restrictions on Communication

The Plaintiffs request that this Court exercise its broad discretion to prohibit the Defendant from contacting "any individual disclosed as a putative class member for reasons related to this litigation."[33] The Defendant objects that this absolute bar on communication is overbroad and unnecessary. The Defendant relies principally on the case *Longcrier v. HL-A Co.*[34] The court in *Longcrier* engaged in an extensive review of the relevant authorities and determined that "a defendant in a § 216(b) action is not categorically forbidden from communicating with prospective opt-in plaintiffs."[35] The court reasoned that restrictions on communication must be used sparingly "because of the substantial First Amendment considerations triggered by such constraints."[36] While courts routinely limit communications in cases where a party has

---

[32] Def.'s Resp. in Partial Opp. to Pls.' Mot. for Conditional Certification and Issuance of Notice, at 7.

[33] Pls.' Mot. for Conditional Certification and Issuance of Notice, at 24.

[34] 595 F. Supp. 2d 1218, 1225 (S.D. Ala. 2008).

[35] *Id.* at 1225.

[36] *Id.* at 1226.

"engaged in misleading or coercive behavior," courts have declined to do so in the absence of such a record.[37] This Court agrees with the reasoning in *Longcrier.* Absent some evidence of impropriety on the part of the Defendant, this Court will not prohibit communication with putative class members. The Plaintiffs' request should be denied.

### 6. Objections and Proposed Revisions to Notice

The Defendant raises various objections to the content of the Plaintiffs' proposed Notice and the Consent to Join Form, and has attached to its briefing line-edited versions of these documents for this Court's review. The Plaintiffs' reply briefing asserts generally that the "proposed judicial notice is 'timely, accurate, and informative'" but directly responds only to a few of the Defendant's proposed revisions. Accordingly, it is unclear to this Court which provisions are genuinely in dispute. Rather than parse through each of the Defendant's objections in turn, this Court directs the parties to confer in good faith in an effort to present the Court with a joint proposed Notice and a Consent to Join Form. In order to forestall unnecessary argument, however, this Court notes in closing that it sees no reason to omit the anti-retaliation provision from the proposed Notice. Such provisions are routinely included in notices issued in this district.

---

[37] *Id.* at 1227.

## IV. Conclusion

For the reasons stated above, the Plaintiffs' Motion for Conditional Certification and Issuance of Notice [Doc. 43] is GRANTED. The Court ORDERS the Defendant to provide the Plaintiffs with a list of the full names, job titles, last known addresses, and dates of employment of all drivers and laborers who were employed by the Defendant within three years prior to the date of this Order. This list should be provided within fourteen days of the date of this Order. The Court DIRECTS the parties to confer and jointly submit a proposed Notice and a Consent to Join Form consistent with this Order for Court approval.

SO ORDERED, this 20 day of December, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge